## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARLES RANDLE (M-27372),
        Plaintiff,

    v.

LT. MICHAEL SIMMONS,
        Defendants.

No. 19 C 6548

Judge Thomas M. Durkin

## ORDER

Defendant's motion to dismiss for failure to state a claim [74] is granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Final judgment shall be entered.

## STATEMENT

Plaintiff Charles Randle, a prisoner at Menard Correctional Center, brings this civil rights action under 42 U.S.C. § 1983 regarding the circumstances of his July 31, 2019, transfer between prisons for a court appearance. The Court allowed Plaintiff to proceed with a claim that an unidentified officer at Stateville NRC choked and hit Plaintiff as he was placed in a sedan for transport. Plaintiff did not identify that officer until submitting his second amended complaint, which was signed on Feb. 12, 2022.[1]

---

[1] The second amended complaint was electronically submitted to the Court on February 28, 2022 by officials at Menard Correctional Center. *See* ECF No. 68 at 1. It is unclear when Plaintiff gave the document to prisoner officials for electronic submission, but the Court will give Plaintiff the benefit of the date he signed the pleading. *Cf. Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (prisoner mailbox rule deems prisoner pleadings to be filed on the date submitted to correctional authorities for mailing).

Defendant Lt. Michael Simmons has moved to dismiss the second amended complaint, arguing that it is time-barred. Section 1983 claims in Illinois are governed by a two-year statute of limitations. *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) (citing 735 Ill. Comp. Stat. 5/13-202). Defendant argues that because excessive force claims accrue immediately, *see Elcock v. Whitecotton*, 434 F. App'x 541, 542–43 (7th Cir. 2011) (unpublished), the two-year statute of limitations for Plaintiff's claims expired as of July 31, 2021.

A statute of limitations is an affirmative defense, which can be raised on a motion to dismiss if the complaint's allegations make it clear that the claim is untimely. *Coffey v. City of Freeport, Illinois*, No. 3:21-cv-50336, 2022 WL 1404750, at *1 (N.D. Ill. May 4, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). If the plaintiff's allegations, accepted as true, foreclose his claim, then he has pleaded himself out of court. *Id.* (citing *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.")).

Defendant argues that Plaintiff's second amended complaint does not relate back to the original filing date and that Plaintiff is not entitled to equitable tolling, so the second amended complaint must be dismissed as time-barred. Plaintiff argues that the second amended complaint does relate back (although his argument as to that issue is confused) and that he is entitled to equitable tolling.

## Applicability of Relation-Back Doctrine

2

As to the first issue, under Fed. R. Civ. P. 15(c)(1)(C), an amendment that changes the party or the naming of the party against whom the claim is asserted relates back to the date of the original pleading as long as: (1) the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence as the original pleading; (2) within the period provided for by Rule 4(m), the party added by the amendment received such notice of the action that it will not be prejudiced in defending on the merits; and (3) the added party knew or should have known that the action would be brought against it, but for a mistake concerning the proper party's identity. *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021).

In *Herrera*, the Seventh Circuit held that naming a "John Doe" defendant does not constitute a "mistake" for the purposes of relation-back under Rule 15(c). *Id.* at 498–99. The Court observed that suing a "John Doe" as a placeholder is a proper action when the plaintiff lacks identifying information, and thus is a "conscious choice, not an inadvertent error." *Id.* at 499; *see also Young v. Kirk*, No. 3:19-cv-00868, 2022 WL 1641442, at *2 (S.D. Ill. May 24, 2022) (untimely identification of defendants did not relate back to the original complaint).

Plaintiff acknowledges that naming a "John Doe" defendant was not a mistake within the meaning of Rule 15(c). *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 1, ECF No. 77. Although he contends that the second amended complaint does relate back, *see id.* 4, the Seventh Circuit was clear that the relation-back doctrine does not apply in these circumstances, so Plaintiff is not entitled to the benefit of the original filing date. The Court will move to the issue of tolling.

**Applicability of Tolling While Pursuing Administrative Remedies**

Although not addressed by either party, one type of tolling that could apply to this case is that the two-year statute of limitations for § 1983 claims in Illinois is tolled while the prisoner exhausts his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Plaintiff stated in his original complaint that around August 8, 2019 (the grievance is actually dated August 6, 2019), he submitted a grievance marked as an "emergency grievance" directly to the Administrative Review Board ("ARB") because his complaint concerned a warden and a superintendent. *See* Pl.'s Compl. 8, 17-19, ECF No. 5. He received a response dated August 27, 2019, indicating that additional information was required in the form of a response from the counselor, grievance officer, and chief administrative officer (warden). *Id.* 17. There is no indication that Plaintiff took those steps, as he states in his original complaint that the response was "a rubber-stamped incompetent one" and that there was no point in sending the grievance to a counselor or grievance officer because he considered the incident to involve an emergency, and "[W]hat can these employees do in this matter?" *See id.* at 8.

The Court does not discern a basis for tolling the statute of limitations based on the filing of this grievance because the failure to comply with mandatory grievance procedures renders tolling of the statute of limitations unavailable. *Wells v. Spencer*, No. 11-1029, 2014 WL 1013864, at *2 (C.D. Ill. Mar. 14, 2014). Submission of a grievance directly to the ARB under the circumstances described by Plaintiff does not comport with Illinois's grievance procedure. *See* 20 Ill. Admin. Code § 504.870(a)

4

(allowing for submission directly to the ARB of grievances about protective custody, involuntary administration of psychotropic medication, and disciplinary and other issues at facilities other than the one where the inmate is currently housed).

There is a procedure for prisoners to submit grievances concerning issues they consider emergencies. An emergency grievance is to be submitted to the chief administrative officer (warden), who determines whether there is a substantial risk of imminent serious harm to the inmate. 20 Ill. Admin. Code § 504.840(a). If the warden determines that the emergency exception does not apply, the offender is notified in writing that he may submit the grievance through the normal channels, which include submission to the counselor and grievance officer. 20 Ill. Admin. Code § 504.840(c); 20 Ill. Admin. Code § 504.810(a). Plaintiff's subjective belief that there was nothing the grievance officer or counselor could do to remedy his issue does not justify bypassing the grievance process. *See*, *e.g.*, *Gakuba v. Rains*, No. 19 C 437, 2020 WL 3316012, at *4 (S.D. Ill. June 18, 2020), *aff'd*, No. 21-1864, 2022 WL 1768849 (7th Cir. June 1, 2022). The Court therefore declines to toll the statute of limitations due to the filing of this grievance.[2]

**Applicability of Equitable Tolling**

Next, the Court observes that claims may be equitably tolled while courts preliminarily screen prisoner complaints. *See Sims v. Olszewski*, No. 17 C 79, 2017 WL 1903121, at *7 (N.D. Ill. May 9, 2017) (collecting cases); *see also Bryant v. City of*

---

[2] The Court notes for the sake of completeness that if it gave Plaintiff the benefit of 21 days of tolling while he pursued this grievance, his second amended complaint still would be untimely.

*Chicago*, 746 F.3d 239, 243–44 (7th Cir. 2014) (statute of limitations should be equitably tolled while plaintiff awaits ruling on a motion that is necessary for him to proceed with his case, such as an application for leave to proceed *in forma pauperis*).

In this instance, the Court received Plaintiff's original complaint on September 23, 2019. The Court issued a screening order on November 27, 2019, dismissing certain claims and indicating that Plaintiff had a cognizable claim against the lieutenant who allegedly used excessive force against him, but that he would have to determine the lieutenant's name, name him in a pleading, and serve him in accordance with Fed. R. Civ. P. 4 in order to proceed. The Court named Warden Barnes as a nominal Defendant for the purpose of Plaintiff serving interrogatories to learn this officer's name. Plaintiff was warned at that time that he should act as soon as possible in light of the two-year statute of limitations for § 1983 claims in Illinois and any applicable tolling rules. *See* ECF No. 4 at 4. The Court therefore will toll the statute of limitations for the 65 days that his original complaint was pending screening. Giving Plaintiff the benefit of that tolling, Plaintiff was obligated to file suit against Lt. Simmons by October 4, 2021.

In addition to the above, the statute of limitations may be equitably tolled "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera*, 8 F.4th at 499 (citing *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007) (equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct")). It is the plaintiff's burden to demonstrate that he diligently

6

pursued his claim and "some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." *Id.* (cleaned up). "[E]quitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (cleaned up).

Since the Court issued its first screening order, this case has followed a convoluted path, primarily due to delays occasioned by Plaintiff. More than five months after the nominal Defendant answered the complaint, Plaintiff filed a motion to reconsider the Court's screening order, in which he indicated he did not want to pursue the claim against the unidentified lieutenant and asked to reinstate claims against Lt. Carr that the Court had dismissed upon screening. *See* ECF No. 23. The Court denied Plaintiff's request to amend its screening order but dismissed the claim against the unidentified lieutenant and nominal Defendant Warden Barnes. As there were then no remaining Defendants, Plaintiff was directed to, by December 23, 2020, submit a motion to reinstate the original complaint or a motion for leave to amend accompanied by a proposed amended complaint. *See* ECF No. 25.

Plaintiff sought and received four extensions of time to comply with this order. *See* ECF Nos. 26, 28, 32, 38. During this time, Plaintiff reported to the Court that he had made a settlement demand to defense counsel (although at that time there was no defendant in the case). *See* ECF No. 34 at 4-5. Plaintiff also repeatedly requested counsel, but the Court denied those requests and explained to Plaintiff that because of his experience as a litigant, the quality of his pleadings, and the fact that he had

7

been present during the underlying events, he was capable of choosing a course of action as directed by the Court. *See* ECF Nos. 30, 32, 34, 38.

The original complaint (stating a claim against the unidentified lieutenant) was reinstated at Plaintiff's request by order of August 30, 2021. *See* ECF No. 43. The Court again explained to Plaintiff what he had to do to identify the lieutenant so that he could be served. *Id.* at 4. The Court at that time did not make any determination as to whether any future amended complaint naming this officer would be timely. *Id.* Plaintiff never issued discovery requests to Defendant or his predecessor, nominal Defendant Warden Barnes. *See* Def.'s Reply in Supp. of Mot. to Dismiss 2, ECF No. 82.

At a telephonic status hearing on October 1, 2021, the Court directed defense counsel to investigate the identity of the unnamed officer and provide names to the Plaintiff by October 15, 2021. *See* ECF No. 48. Defense counsel sent Plaintiff an employee roster, and during a November 18, 2021, status hearing, Plaintiff was directed to file an amended complaint by December 20, 2021. *See* ECF No. 53. Days later, the Court received a motion for extension of time from Plaintiff indicating that he "forgot" to inform all parties during the status hearing that the roster he received did not cover the correct time frame. *See* ECF No. 54 at 1. The Court then directed that the proper roster be sent and once again extended the deadline to submit a proposed amended complaint, to Jan. 13, 2022. *See* ECF No. 55.

Plaintiff received a final extension of time, to March 7, 2022, to submit an amended complaint after reporting that he had been infected with the virus that

8

causes COVID-19. *See* ECF Nos. 60-61. Around the same time, however, Plaintiff submitted repeated filings to the Court indicating that he was concerned about this safety due to unrelated events at Menard Correctional Center. *See* ECF Nos. 58-59, 63-64. The Court continuously reminded Plaintiff that its having granted his requests for additional time to submit a proposed amended complaint did not constitute a finding that that pleading ultimately would be timely. *See, e.g.*, ECF No. 55 at 1-2; ECF No. 59 at 2.; ECF No. 64. Even when Plaintiff submitted his second amended complaint, he seemed to indicate that he just chose a lieutenant off the employee roster and was unsure whether Lt. Simmons was actually the officer who allegedly battered him. *See* Pl.'s Second Am. Compl. 30, ECF No. 68.

The Court recounts this lengthy litigation history because it amply demonstrates that Plaintiff has not met his burden to demonstrate that he diligently pursued his claim.

Plaintiff accuses Defendant of "obfuscating and abusing the process," because prison officials allegedly failed to: (1) investigate his emergency grievance submitted August 6, 2019; (2) preserve video surveillance footage of the incident that occurred on July 31, 2019; and (3) provide Plaintiff with an employee roster before they were ordered to do so by the Court. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 2, ECF No. 77.

Defendant's failure to investigate an emergency grievance that admittedly was not submitted through the proper channels or to preserve video surveillance footage as requested in that grievance does not provide a basis for tolling the statute of

limitations given that there were other avenues of discovery available to Plaintiff that he did not use to discover officer's name.[3]

When the Court issued its screening order on November 27, 2019, directing Plaintiff as to how to proceed against the then-unnamed lieutenant, almost the entirety of the statute of limitations remained. Allowing Plaintiff to proceed against a nominal Defendant and instructing him as to the steps he needed to take to identify the officer who allegedly used improper force against him was consistent with the Seventh Circuit's instructions that the Court should assist the Plaintiff in identifying the proper parties to a lawsuit. *See, e.g.*, *Bryant*, 746 F.3d at 244 (*pro se* prisoner should be given "latitude and assistance" in seeking names of unidentified parties); *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 554 n.1 (7th Cir. 1996) (district court must consider difficulties posed by incarceration in regard to investigation of unidentified parties); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 789–90 (7th Cir. 1995) (district court must assist *pro se* prisoners, within reason, in making investigation of proper defendants).

Despite the Court's instructions, Plaintiff did not at that time (or any time after) submit interrogatories seeking the identity of this officer. That the Court

---

[3] Plaintiff does not specifically invoke the doctrine of equitable estoppel, which applies when a defendant takes active steps to prevent the plaintiff from bringing a timely lawsuit. *See Franklin v. Warmington*, 709 F. App'x 373, 375 (7th Cir. 2017) (unpublished). To invoke equitable estoppel, a plaintiff must not only show misconduct by defendants, but that he reasonably relied on the misconduct. *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998). Even if the failure to preserve or turn over the video to Plaintiff could somehow be deemed wrongful, it would not be reasonable for Plaintiff to rely on this as a reason to delay filing suit, given the other discovery methods available to him.

eventually ordered defense counsel to provide the employee roster to Plaintiff in an effort to move this case along does not excuse Plaintiff's earlier failure to act. Plaintiff knew how to contact defense counsel, as demonstrated by him having reached out to her to make a settlement demand. Courts have observed that "identifying the individual officers who would be proper defendants in Section 1983 prisoner litigation can be a challenging and time-consuming task for all involved." *Barwicks v. Dart*, No. 14 C 8791, 2016 WL 3418570, at *5 (N.D. Ill. June 22, 2016). Because of this, "it is imperative that the plaintiff also help himself by filing his lawsuit as promptly as possible and then expeditiously engaging in the give-and-take that often is necessary to identify the proper defendant officer from among the hundreds of employees who work at the facility where the plaintiff is incarcerated." *Id.* at *6. Plaintiff did not do so here.

Plaintiff also argues that the COVID-19 pandemic prevented him from amending his complaint sooner. *See* Pl.'s Resp. to Def.'s Mot. to Dismiss 3, ECF No. 77. He states that he contracted the virus in May 2020 and had to be quarantined. *Id.* He further states that the virus "shut down prisons, courtrooms, etc." *Id.* He asserts that Stateville Correctional Center was on "level one lockdown" for more than a year and "the courthouses were shut down, especially for cases that were not deemed necessary like Plaintiff['s]." *Id.*

To be clear, the District Court Clerk's Office in Chicago remained open throughout the pandemic, and at no time stopped accepting pleadings.[4] Courts have

---

[4] The Court's first General Order in relation to the pandemic, entered on March 12,

explained that "the mere existence of the coronavirus pandemic does not warrant equitable tolling." *Coffey*, 2022 WL 1404750, at *2 (collecting cases). Rather, Plaintiff must demonstrate how "disruptions and delays due to COVID-19 prevented him from filing" a timely pleading. *United States v. Washington*, No. 20 C 50300, 2021 WL 2222609, at *3 (N.D. Ill. June 2, 2021); *see also United States v. Henry*, No. 20 C 1821, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (indicating that a movant must show a "nexus" between COVID-19 and "failure to timely file his motion" for equitable tolling to be warranted).

While Plaintiff states in his response that he contracted COVID-19 in May 2020 and filed a document with the Court indicating that he contracted the virus in January 2022 (after the statute of limitations expired), Plaintiff has not demonstrated how these unfortunate events prevented him from timely filing his second amended complaint. A review of the docket indicates that Plaintiff was able to file documents with the Court throughout the pendency of this case, but delayed both in deciding whether to proceed with this excessive force claim and in taking necessary steps to identify the officer who allegedly used excessive force against him.

---

2020, provided in relevant part: "The U.S. District Court for the Northern District of Illinois shall remain open for all other business. Staff in the Clerk's Office are available by telephone, mail will be received, and intake desks remain open for filings." United States District Court for the Northern District of Illinois, General Order 20-0012, In Re: Coronavirus COVID-19 Public Emergency, ¶11, March 12, 2020, available at https://www.ilnd.uscourts.gov/_assets/_documents/_forms/ _clerksoffice/rules/admin/pdf-orders/General%20Order%2020-0012%20- %20In%20Re%20Coronavirus%20COVID%2019%20Public%20Emergency.pdf

Finally, Plaintiff argues that his second amended complaint should be deemed timely because the Court granted his motions for extensions of time to submit the pleading. *See* Pl.'s Resp. to Def.'s Motion to Dismiss 3, ECF No. 77. But as set forth above, the Court warned Plaintiff throughout the course of this matter that it had made no determination that a pleading naming the proper defendant would be timely, and that he should act quickly to preserve his rights. The statute of limitations is not extended by an order granting the plaintiff additional time to submit a pleading. *See, e.g.*, *Walker v. Jones*, No. 3:19-cv-00445, 2022 WL 4598868, at *4 (S.D. Ill. Sept. 30, 2022).

For these reasons, Defendant's motion to dismiss is granted. Because the dismissal is for failure to state a claim, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Final judgment will be entered.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to

proceed *in forma pauperis* in this Court stating the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: October 27, 2022

14